## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CBRE REAL ESTATE SERVICES, INC.<br>f/k/a Trammell Crow Services, Inc.<br>100 N. Sepulveda Blvd., Suite 1050<br>El Segundo, California 90245 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. |
| | : | |
| PREFERRED REAL ESTATE<br>INVESTMENTS, INC.<br>1001 East Hector Street, Suite 100<br>Conshohocken, Pennsylvania 19428 | : | |
| | : | |
| And | : | |
| | : | |
| PREFERRED ASSET MANAGEMENT, LLC<br>A Pennsylvania LLC<br>1001 East Hector Street, Suite 100<br>Conshohocken, Pennsylvania 19428 | : | NON-JURY TRIAL REQUESTED |
| | : | |
| And | : | |
| | : | |
| PREI ATTLEBORO ASSOCIATES, L.P.<br>A Pennsylvania Limited Partnership<br>1001 East Hector Street, Suite 100<br>Conshohocken, Pennsylvania 19428 | : | |
| | : | |
| And | : | |
| | : | |
| PREI ATTLEBORO ASSOCIATES I, L.P.<br>A Pennsylvania Limited Partnership<br>1001 East Hector Street, Suite 100<br>Conshohocken, Pennsylvania 19428 | : | |
| | : | |
| And | : | |
| | : | |
| PREI ATTLEBORO ASSOCIATES II, L.P.<br>A Pennsylvania Limited Partnership<br>1001 East Hector Street, Suite 100<br>Conshohocken, Pennsylvania 19428 | : | |
| | : | |
| And | : | |

PREI ATTLEBORO ASSOCIATES III, L.P.　　　　:
A Pennsylvania Limited Partnership　　　　　　:
1001 East Hector Street, Suite 100　　　　　　　:
Conshohocken, Pennsylvania 19428　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　And　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
ATTLEBORO CORPORATE CENTER　　　　　　　:
　　ASSOCIATION, Inc.　　　　　　　　　　　　:
A Massachusetts Corporation　　　　　　　　　　:
1001 East Hector Street, Suite 100　　　　　　　:
Conshohocken, Pennsylvania 19428　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　And　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
1400 TAYLOR ASSOCIATES, LLC　　　　　　　:
A Maryland Limited Liability Company　　　　　:
1001 East Hector Street, Suite 100　　　　　　　:
Conshohocken, Pennsylvania 19428　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　And　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
PREI 770 M STREET ASSOCIATES, LLC　　　　:
A Pennsylvania Limited Liability Company　　　　:
1001 East Hector Street, Suite 100　　　　　　　:
Conshohocken, Pennsylvania 19428　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　And　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
259 PROSPECT PLAINS ASSOCIATES, L.P.　　:
A Pennsylvania Limited Partnership　　　　　　:
1001 East Hector Street, Suite 100　　　　　　　:
Conshohocken, Pennsylvania 19428　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　And　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
PREI LANDOVER DEVELOPERS I, LLC　　　　:
A Maryland Limited Liability Company　　　　　:
1001 East Hector Street, Suite 100　　　　　　　:
Conshohocken, Pennsylvania 19428　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　And　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:

PREI LANDOVER DEVELOPERS II, LLC    :
A Maryland Limited Liability Company    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
    :
    And    :
    :
PREI LANDOVER DEVELOPERS III, LLC    :
A Maryland Limited Liability Company    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
    :
    And    :
    :
PREI LANDOVER DEVELOPERS IV, LLC    :
A Maryland Limited Liability Company    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
    :
    And    :
    :
PREI LANDOVER DEVELOPERS V, LLC    :
A Maryland Limited Liability Company    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
    :
    And    :
    :
PREI LANDOVER DEVELOPERS VI, LLC    :
A Maryland Limited Liability Company    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
    :
    And    :
    :
PREI LANDOVER DEVELOPERS VII, LLC    :
A Maryland Limited Liability Company    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
    :
    And    :
    :

PREI LANDOVER DEVELOPERS VIII, LLC    :
A Maryland Limited Liability Company    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
   :
   And    :
   :
PREI LANDOVER DEVELOPERS IX, LLC    :
A Maryland Limited Liability Company    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
   :
   And    :
   :
PREI LANDOVER DEVELOPERS X, LLC    :
A Maryland Limited Liability Company    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
   :
   And    :
   :
PREI LANDOVER DEVELOPERS XI, LLC    :
A Maryland Limited Liability Company    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
   :
   And    :
   :
PREI LANDOVER DEVELOPERS XII, LLC    :
A Maryland Limited Liability Company    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
   :
   And    :
   :
ISLAND VIEW CROSSING, I, L.P.    :
A Pennsylvania Limited Partnership    :
1001 East Hector Street, Suite 100    :
Conshohocken, Pennsylvania 19428    :
   :
   And    :
   :

-4-

ISLAND VIEW TCI, L.P.                           :
A Pennsylvania Limited Partnership              :
1001 East Hector Street, Suite 100              :
Conshohocken, Pennsylvania 19428                :
                                                :
     And                                         :
                                                :
ISLAND VIEW CROSSING II, L.P.                   :
A Pennsylvania Corporation                      :
1001 East Hector Street, Suite 100              :
Conshohocken, Pennsylvania 19428                :
                                                :
     And                                         :
                                                :
HUNTING FOX ASSOCIATES I, L.P.                  :
A Pennsylvania Limited Partnership              :
1001 East Hector Street, Suite 100              :
Conshohocken, Pennsylvania 19428                :
                                                :
     And                                         :
                                                :
HUNTING FOX ASSOCIATES III, L.P.                :
A Pennsylvania Limited Partnership              :
1001 East Hector Street, Suite 100              :
Conshohocken, Pennsylvania 19428                :
                                                :
     And                                         :
                                                :
HUNTING FOX ASSOCIATES IV, L.P.                 :
A Pennsylvania Limited Partnership              :
1001 East Hector Street, Suite 100              :
Conshohocken, Pennsylvania 19428                :
                                                :
     And                                         :
                                                :
HUNTING FOX ASSOCIATES V, L.P.                  :
A Pennsylvania Limited Partnership              :
1001 East Hector Street, Suite 100              :
Conshohocken, Pennsylvania 19428                :
                                                :
     And                                         :
                                                :

HUNTING FOX TCI III, L.P.                          :
A Pennsylvania Limited Partnership                 :
1001 East Hector Street, Suite 100                 :
Conshohocken, Pennsylvania 19428                   :
                                                   :
        And                                        :
                                                   :
HUNTING FOX TCI IV, L.P.                           :
A Pennsylvania Limited Partnership                 :
1001 East Hector Street, Suite 100                 :
Conshohocken, Pennsylvania 19428                   :
                                                   :
        And                                        :
                                                   :
PHILLIPSBURG COMMERCE PARK                         :
    ASSOCIATION, LLC                               :
A New Jersey Non-Profit Corporation               :
1001 East Hector Street, Suite 100                 :
Conshohocken, Pennsylvania 19428                   :
                                                   :
        And                                        :
                                                   :
PHILLIPSBURG ASSOCIATES, L.P.                     :
A Pennsylvania Limited Partnership                 :
1001 East Hector Street, Suite 100                 :
Conshohocken, Pennsylvania 19428                   :
                                                   :
        And                                        :
                                                   :
PHILLIPSBURG ASSOCIATES I, L.P.                   :
A Pennsylvania Limited Partnership                 :
1001 East Hector Street, Suite 100                 :
Conshohocken, Pennsylvania 19428                   :
                                                   :
        And                                        :
                                                   :
PHILLIPSBURG ASSOCIATES II, L.P.                  :
A Pennsylvania Limited Partnership                 :
1001 East Hector Street, Suite 100                 :
Conshohocken, Pennsylvania 19428                   :
                                                   :
        And                                        :
                                                   :

PHILLIPSBURG ASSOCIATES III, L.P.                :
A Pennsylvania Limited Partnership               :
1001 East Hector Street, Suite 100               :
Conshohocken, Pennsylvania 19428                 :
                                                 :
          And                                    :
                                                 :
PERRYVILLE III ASSOCIATES, LP                    :
A Pennsylvania Limited Partnership               :
1001 East Hector Street, Suite 100               :
Conshohocken, Pennsylvania 19428                 :
                                                 :
          And                                    :
                                                 :
215 CHUROAD ASSOCIATES, L.P.                     :
A Pennsylvania Limited Partnership               :
1001 East Hector Street, Suite 100               :
Conshohocken, Pennsylvania 19428                 :
                                                 :
          And                                    :
                                                 :
217 CHUROAD ASSOCIATES, L.P.                     :
A Pennsylvania Limited Partnership               :
1001 East Hector Street, Suite 100               :
Conshohocken, Pennsylvania 19428                 :
                                                 :
          And                                    :
                                                 :
PREI CHESHIRE ASSOCIATES, L.P.                   :
A Pennsylvania Limited Partnership               :
1001 East Hector Street, Suite 100               :
Conshohocken, Pennsylvania 19428                 :
                                                 :
          And                                    :
                                                 :
PREI BOLTON STREET ASSOCIATES, LP                :
A Pennsylvania Limited Partnership               :
1001 East Hector Street, Suite 100               :
Conshohocken, Pennsylvania 19428                 :
                                                 :
          And                                    :
                                                 :

PREI HOPEWELL JUNCTION                          :
  ASSOCIATES, L.P.                             :
A Pennsylvania Limited Partnership              :
1001 East Hector Street, Suite 100              :
Conshohocken, Pennsylvania 19428                :
                                                :
    And                                         :
                                                :
COROAD ASSOCIATES, L.P.                          :
A Pennsylvania Limited Partnership              :
1001 East Hector Street, Suite 100              :
Conshohocken, Pennsylvania 19428                :
                                                :
    And                                         :
                                                :
COROAD ASSOCIATES II, L.P.                       :
A Pennsylvania Limited Partnership              :
1001 East Hector Street, Suite 100              :
Conshohocken, Pennsylvania 19428                :
                                                :
    And                                         :
                                                :
PREI NORTH HAVEN, LLC                            :
A Pennsylvania Limited Liability Company        :
1001 East Hector Street, Suite 100              :
Conshohocken, Pennsylvania 19428                :
                                                :
    Defendants.                                 :

## **COMPLAINT**

Plaintiff, CBRE Real Estate Services, Inc., f/k/a Trammell Crow Services, Inc.

("CBRE"), by and through its undersigned counsel, alleges as follows:

1.     This civil action arises out of the same course of conduct by the Defendants, all of

which was orchestrated by Preferred Real Estate Investments, Inc. ("PREI").

2.     PREI owns fifteen properties in different states.  After reviewing the pertinent

Property Management Agreements ("PMAs") and publicly available records, and upon

information and belief, each property is owned jointly by PREI and one or more of its nominal

affiliates or a limited partnership / limited liability company set up and operated by PREI. In recent correspondence between the parties, PREI itself described each of the below-listed PMAs as agreements between CBRE, on the one hand, and PREI "and its affiliates", on the other hand.

3.      Trammel Crow Services, Inc., which was subsequently acquired by CBRE -- and hereafter will be referred to as "CBRE" as well -- agreed to manage the PREI properties pursuant to fifteen (15) PMAs that are identical in their key terms. The PMAs were all signed on or about August 14, 2006, although CBRE's management obligations were phased in over a course of months.

4.      The arrangement between CBRE and PREI was quite straightforward. CBRE would manage the PREI properties, and in return, Defendants PREI and its affiliates (collectively, "Defendants") were obligated to pay CBRE Management Fees and certain "Employee Costs", as defined by each particular PMA.

5.      The breach and wrongful conduct by the Defendants has been equally straightforward. Despite requesting, receiving and retaining the benefit of CBRE's management for the properties, the Defendants have not made the required payments despite repeated demands to do so.

6.      The fees and costs properly billed to Defendants for CBRE's efforts in 2006 totaled $1,176,287.80. Of that, Defendants have only paid $141,439.43, despite repeated demands to pay the balance of over $1 million.

7.      The fees and costs properly billed to Defendants for CBRE's efforts through February 2007 totaled $381,129.40. Of that, Defendants have only paid $220,667.43, despite repeated demands to pay the balance of over $160,000.

8.     CBRE has continued to manage the PREI properties through March and April

2007, and is reconciling the amounts due (and not yet paid) by PREI for those months as well.

## I.     JURISDICTION & VENUE

9.     This civil action seeks damages in excess of $150,000, exclusive of interest and

costs, arising from the agreements pursuant to which CBRE provided property management

services to Defendants.

10.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C.

§ 1332 and § 1367(b) because this case involves complete diversity of citizenship and the matter

in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391(a)(2) because

lead defendant PREI is incorporated in Pennsylvania with a principal place of business in

Conshohocken, Montgomery County, Pennsylvania, and because the acts and omissions at issue

(PREI's payments or failure to make payments) occurred in the Eastern District of Pennsylvania.

Alternatively, venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(a)(3)

because there is no other venue in which the action could have been brought and at least one

Defendant resides in this district.

## II.     THE LEAD PARTIES

12.     CBRE is a corporation incorporated under the laws of the State of Delaware with

its principal place of business at 100 North Sepulveda Blvd., Suite 1050, El Segundo, California

90245.  CBRE's ultimate parent company, CB Richard Ellis Group, Inc., acquired Trammell

Crow Co., including all of its divisions and subsidiaries, and specifically including Trammell

Crow Services, Inc., in December 2006.  CBRE has assumed all the obligations and rights of

Trammell Crow Services, Inc., including the right to payment under the PMAs.

13.     Defendant PREI is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428. Upon information and belief, PREI and its officers in Pennsylvania established, own, operate or control each of the other Defendants to this civil action. Those Defendants are nominal, paper-only defendants with no distinct employees, and the operations relating to their properties are run by PREI out of PREI's headquarters in Conshohocken, PA.

14.     Defendant Preferred Asset Management, LLC ("Preferred Asset") is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428. Upon information and belief, PREI and its officers in Pennsylvania established, own, operate or control Preferred Asset. Preferred Asset is obligated to perform functions pursuant to a number of the PMAs.

### III.    THE PROPERTY MANAGEMENT AGREEMENTS

#### North Haven

15.     On or about August 14, 2006, CBRE entered into a PMA with PREI and PREI North Haven, LLC (the "North Haven Agreement"). See Exhibit 1. The premises is described in the North Haven Agreement as follows: "an industrial facility located at 330 Montowese Avenue, North Haven, CT 06473, containing approximately 832,427 rentable square feet, and commonly known as North Haven."

16.     The Owner of the premises is described in the North Haven Agreement's introductory paragraph as PREI North Haven, LLC; in the Notice provision, the Owner is identified as PREI. Id. at Introduction and Section 8.1. The North Haven Agreement is signed

-11-

for the Owner by Michael G. O'Neill, an "Authorized Person". Id. Mr. O'Neill is the founder and CEO of PREI.

17. After reasonable investigation and upon information and belief, Defendant PREI North Haven, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, and each individual member of PREI North Haven, LLC, including Pennsylvania corporation PREI North Haven, Inc., is diverse from CBRE. PREI North Haven, LLC's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

18. The North Haven Agreement provides that an Operating Account be established and funded by Defendants for payment of various items, including compensation payable to CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including North Haven, and it is held in the name of PREI.

## County Line Commerce Center

19. On or about August 14, 2006, CBRE entered into a PMA with PREI, Coroad Associates, L.P. and Coroad Associates II, L.P. (the "County Line Agreement"). See Exhibit 2. The premises is described in the County Line Agreement as follows: " an Office/Warehouse facility located at 101 County Line Road, Hatboro, PA 19040, containing approximately 437,365 rentable square feet, and commonly known as County Line Commerce Center."

20. The County Line Agreement explains that the premises is owned by "Owner, either individually or collectively with one or more other Owners." The Owner is described in the County Line Agreement's introductory paragraph as Coroad Associates, L.P. and Coroad Associates II, L.P; in the Notice provision, the Owner is identified as PREI. Id. at Introduction

and Section 8.1. The County Line Agreement is signed for Owner by John R. Ahle, Jr. Mr.

Ahle is a Vice President of PREI. Id.

21.     After reasonable investigation and upon information and belief, Defendant

Coroad Associates, L.P. is a limited partnership organized under the laws of the Commonwealth

of Pennsylvania, and each individual member of Coroad Associates, L.P. is diverse from CBRE.

Coroad Associates, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite

100, Conshohocken, Pennsylvania 19428.

22.     After reasonable investigation and upon information and belief, Defendant

Coroad Associates, II, L.P. is a limited partnership organized under the laws of the

Commonwealth of Pennsylvania, and each individual member of Coroad Associates, II, L.P. is

diverse from CBRE. Coroad Associates, II, L.P.'s principal place of business is located at 1001

E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

23.     The County Line Agreement provides that an Operating Account be established

and funded by Defendants for payment of various items, including compensation payable to

CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including

County Line, and it is held in the name of PREI.

24.     The County Line Agreement also states that Preferred Asset is designated to act

"as agent for and on behalf of each Owner" and perform all operational obligations of the

Owners. Id. at Section 9.18.

### Hudson Valley Technology Campus

25.     On or about August 14, 2006, CBRE entered into a PMA with PREI and PREI

Hopewell Junction Associates, L.P. (the "Hudson Valley Agreement"). See Exhibit 3. The

premises is described in the Hudson Valley Agreement as follows: " an office/warehouse facility

-13-

located at 2070 Route 52, East Fishkill, NY 12533 containing approximately 982,987 rentable square feet, and commonly known as Hudson Valley Technology Campus."

26.     The Owner of the premises is described in the Hudson Valley Agreement's introductory paragraph as PREI Hopewell Junction Associates, L.P; in the Notice provision, the Owner is identified as PREI. Id. at Introduction and Section 8.1. The Hudson Valley Agreement is signed for the Owner by John R. Ahle, Jr. Mr. Ahle is a Vice President of PREI. Id.

27.     After reasonable investigation and upon information and belief, Defendant PREI Hopewell Junction Associates, L.P. is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of PREI Hopewell Junction Associates, L.P., including Pennsylvania corporation PREI Hopewell Junction, Inc., is diverse from CBRE. PREI Hopewell Junction, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

28.     The Hudson Valley Agreement provides that an Operating Account be established and funded by Defendants for payment of various items, including compensation payable to CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including Hudson Valley, and it is held in the name of PREI.

29.     The Hudson Valley Agreement also states that Preferred Asset is designated to act "as agent for and on behalf of each Owner" and perform all operational obligations of the Owners. Id. at Section 9.18.

## Bolton Street

30.     On or about August 14, 2006, CBRE entered into a PMA with PREI and PREI Bolton Street Associates, L.P. (the "Bolton Street Agreement"). See Exhibit 4. The premises is described in the Bolton Street Agreement as follows: "an office/lab facility located at 85 Bolton

Street, Cambridge, MA 02140, containing approximately 46,000 rentable square feet, and commonly known as Bolton Street."

31.    The Owner of the premises is described in the Bolton Street Agreement's introductory paragraph as PREI Bolton Street Associates, LP; in the Notice provision, the Owner is identified as PREI. Id. at Introduction and Section 8.1. The Bolton Street Agreement is signed for the Owner by John R. Ahle, Jr. Mr. Ahle is a Vice President of PREI. Id.

32.    After reasonable investigation and upon information and belief, Defendant PREI Bolton Street Associates, LP is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of PREI Bolton Street Associates, LP, including Pennsylvania corporation PREI Bolton Street, Inc., is diverse from CBRE. PREI Bolton Street, LP's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

33.    The Bolton Street Agreement provides that an Operating Account be established and funded by Defendants for payment of various items, including compensation payable to CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including Bolton Street, and it is held in the name of PREI.

### Cheshire

34.    On or about August 14, 2006, CBRE entered into a PMA with PREI and PREI Cheshire Associates, L.P. (the "Cheshire Agreement"). See Exhibit 5. The premises is described in the Cheshire Agreement as follows: "a warehouse/office facility located at 181 West Johnson Avenue, Cheshire, CT 06410, containing approximately 531,297 rentable square feet, and commonly known as Cheshire."

-15-

35.     The Owner of the premises is described in the Cheshire Agreement's introductory paragraph as PREI Cheshire Associates, L.P.; in the Notice provision, the Owner is identified as PREI. Id. at Introduction and Section 8.1. The Cheshire Agreement is signed for the Owner by John R. Ahle, Jr. Mr. Ahle is a Vice President of PREI. Id.

36.     After reasonable investigation and upon information and belief, Defendant PREI Cheshire Associates, L.P. is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of PREI Cheshire Associates, L.P., including Pennsylvania corporation PREI Cheshire, Inc., is diverse from CBRE. PREI Cheshire Associates, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

37.     The Cheshire Agreement provides that an Operating Account be established and funded by Defendants for payment of various items, including compensation payable to CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including Cheshire, and it is held in the name of PREI.

### Church Road

38.     On or about August 14, 2006, CBRE entered into a PMA with PREI, 215 Churoad Associates, L.P. and 217 Churoad Associates, L.P. (the "Church Road Agreement"). See Exhibit 6. The premises is described in the Church Road Agreement as follows: "an office facility located at 215-217 Church Road, King of Prussia, PA 19406, containing approximately 60,609 rentable square feet, and commonly known as Church Road."

39.     The Church Road Agreement explains that the premises is owned by "Owner, either individually or collectively with one or more other Owners." The Owner is described in the Church Road Agreement's introductory paragraph as 215 Churoad Associates, L.P. and 217

-16-

Churoad Associates, L.P.; in the Notice provision, the Owner is identified as PREI. Id. at Introduction and Section 8.1. The Church Road Agreement is signed for Owner by John R. Ahle, Jr. Mr. Ahle is a Vice President of PREI. Id.

40. After reasonable investigation and upon information and belief, Defendant 215 Churoad Associates, L.P. is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of 215 Churoad Associates, L.P. is diverse from CBRE. 215 Churoad Associates, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

41. After reasonable investigation and upon information and belief, Defendant 217 Churoad Associates, L.P. is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of 217 Churoad Associates, L.P. is diverse from CBRE. 217 Churoad Associates, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

42. The Church Road Agreement provides that an Operating Account be established and funded by Defendants for payment of various items, including compensation payable to CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including Church Road, and it is held in the name of PREI.

43. The Church Road Agreement also states that Preferred Asset is designated to act "as agent for and on behalf of each Owner" and perform all operational obligations of the Owners. Id. at Section 9.18.

### Perryville Corporate Park

44. On or about August 14, 2006, CBRE entered into a PMA with PREI and Perryville III Associates, LP (the "Perryville Agreement"). See Exhibit 7. The premises is

-17-

described in the Perryville Agreement as follows: "an office facility located at 53 Frontage Road, Clinton, NJ 08809, containing approximately 285,000 rentable square feet, and commonly known as Perryville Corporate Park."

45.     The Owner of the premises is described in the Perryville Agreement's introductory paragraph as Perryville III Associates, LP; in the Notice provision, the Owner is identified as PREI. Id. at Introduction and Section 8.1. The Perryville Agreement is signed for the Owner by John R. Ahle, Jr. Mr. Ahle is a Vice President of PREI. Id.

46.     After reasonable investigation and upon information and belief, Defendant Perryville III Associates, LP is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of Perryville III Associates, LP, including Pennsylvania corporation Perryville III, Inc., is diverse from CBRE. Perryville III Associates, LP's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

47.     The Perryville Agreement provides that an Operating Account be established and funded by Defendants for payment of various items, including compensation payable to CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including Perryville, and it is held in the name of PREI.

### Phillipsburg Corporate Center

48.     On or about August 14, 2006, CBRE entered into a PMA with PREI, Phillipsburg Commerce Park Association, LLC, Phillipsburg Associates, LP, Phillipsburg Associates I, L.P., Phillipsburg Associates II, L.P., and Phillipsburg Associates III, L.P. (the "Phillipsburg Agreement"). See Exhibit 8. The premises is described in the Phillipsburg Agreement as follows: "an office/industrial facility located at 942 Memorial Parkway, Phillipsburg, NJ 08865,

containing approximately 819,961 rentable square feet, and commonly known as Phillipsburg Corporate Center."

49.     The Phillipsburg Agreement explains that the premises is owned by "Owner, either individually or collectively with one or more other Owners." The Owner is described in the Phillipsburg Agreement's introductory paragraph as Phillipsburg Commerce Park Association, LLC, Phillipsburg Associates, LP, Phillipsburg Associates I, L.P., Phillipsburg Associates II, L.P., and Phillipsburg Associates III, L.P.; in the Notice provision, the Owner is identified as PREI. Id. at Introduction and Section 8.1. The Phillipsburg Agreement is signed for Owner by John R. Ahle, Jr. Mr. Ahle is a Vice President of PREI. Id.

50.     After reasonable investigation and upon information and belief, Defendant Phillipsburg Associates, LP is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of Phillipsburg Associates, LP, including Pennsylvania corporation Phillipsburg, Inc., is diverse from CBRE. Phillipsburg Associates, LP's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

51.     After reasonable investigation and upon information and belief, Defendant Phillipsburg Associates I, L.P. is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of Phillipsburg Associates I, L.P., including Pennsylvania corporation Phillipsburg I, Inc., is diverse from CBRE. Phillipsburg Associates I, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

52.     After reasonable investigation and upon information and belief, Defendant Phillipsburg Associates II, L.P. is a limited partnership organized under the laws of the

-19-

Commonwealth of Pennsylvania, and each individual member of Phillipsburg Associates, II,

L.P., including Pennsylvania corporation Phillipsburg II, Inc., is diverse from CBRE.

Phillipsburg Associates II, L.P.'s principal place of business is located at 1001 E. Hector Street,

Suite 100, Conshohocken, Pennsylvania 19428.

53.     Upon information and belief, Defendant Phillipsburg Associates III, L.P. is a

limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each

individual member of Phillipsburg Associates III, L.P., including Pennsylvania corporation

Phillipsburg III, Inc., is diverse from CBRE.  Phillipsburg Associates III, L.P.'s principal place

of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

54.     Upon information and belief, Defendant Phillipsburg Commerce Park Association,

LLC is properly identified as Phillipsburg Commerce Park Association, Inc. and is a corporation

organized under the laws of the State of New Jersey, with a principal place of business located at

1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

55.     The Phillipsburg Agreement provides that an Operating Account be established

and funded by Defendants for payment of various items, including compensation payable to

CBRE. Id. at Section 3.6.  There is one Operating Account for all of the properties, including

Phillipsburg, and it is held in the name of PREI.

56.     The Phillipsburg Agreement also states that Preferred Asset is designated to act

"as agent for and on behalf of each Owner" and perform all operational obligations of the

Owners. Id. at Section 9.18.

### Budd Commerce Center / Hunting Park

57.     On or about August 14, 2006, CBRE entered into a PMA with PREI, Hunting Fox

Associates I, L.P., Hunting Fox Associates III, L.P., Hunting Fox Associates IV, L.P., Hunting

Fox Associates V, L.P., Hunting Fox TCI III, L.P., and Hunting Fox TCI IV, L.P. (the "Hunting Park Agreement"). See Exhibit 9. The premises is described in the Hunting Park Agreement as follows: "an office/industrial facility located at 2450 Hunting Park Avenue, Philadelphia, PA 19120, containing approximately 2,150,000 rentable square feet, and commonly known as Budd Commerce Center."

58.     The Hunting Park Agreement explains that the premises is owned by "Owner, either individually or collectively with one or more other Owners." The Owner is described in the Hunting Park Agreement's introductory paragraph as Hunting Fox Associates I, L.P., Hunting Fox Associates III, L.P., Hunting Fox Associates IV, L.P., Hunting Fox Associates V, L.P., Hunting Fox TCI III, L.P., and Hunting Fox TCI IV, L.P.; in the Notice provision, the Owner is identified as PREI. Id. at Introduction and Section 8.1. The Hunting Park Agreement is signed for Owner by John R. Ahle, Jr. Mr. Ahle is a Vice President of PREI. Id.

59.     After reasonable investigation and upon information and belief, Defendant Hunting Fox Associates I, L.P. is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of Hunting Fox Associates I, L.P. is diverse from CBRE. Hunting Fox Associates I, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

60.     After reasonable investigation and upon information and belief, Defendant Hunting Fox Associates III, L.P. is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of Hunting Fox Associates III, L.P. is diverse from CBRE. Hunting Fox Associates III, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

61.     After reasonable investigation and upon information and belief, Defendant

Hunting Fox Associates IV, L.P. is a limited partnership organized under the laws of the

Commonwealth of Pennsylvania, and each individual member of Hunting Fox Associates IV,

L.P. is diverse from CBRE.  Hunting Fox Associates IV, L.P.'s principal place of business is

located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania  19428.

62.     After reasonable investigation and upon information and belief, Defendant

Hunting Fox Associates V, L.P. is a limited partnership organized under the laws of the

Commonwealth of Pennsylvania, and each individual member of Hunting Fox Associates V, L.P.

is diverse from CBRE.  Hunting Fox Associates V, L.P.'s principal place of business is located at

1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania  19428.

63.     After reasonable investigation and upon information and belief, Defendant

Hunting Fox TCI III, L.P. is a limited partnership organized under the laws of the

Commonwealth of Pennsylvania, and each individual member of Hunting Fox TCI III, L.P. is

diverse from CBRE.  Hunting Fox TCI III, L.P.'s principal place of business is located at 1001

E. Hector Street, Suite 100, Conshohocken, Pennsylvania  19428.

64.     After reasonable investigation and upon information and belief, Defendant

Hunting Fox TCI IV, L.P. is a limited partnership organized under the laws of the

Commonwealth of Pennsylvania, and each individual member of Hunting Fox TCI IV, L.P. is

diverse from CBRE.  Hunting Fox TCI IV, L.P.'s principal place of business is located at 1001

E. Hector Street, Suite 100, Conshohocken, Pennsylvania  19428.

65.     The Hunting Park Agreement provides that an Operating Account be established

and funded by Defendants for payment of various items, including compensation payable to

-22-

CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including Hunting Park, and it is held in the name of PREI.

66.    The Hunting Park Agreement also states that Preferred Asset is designated to act "as agent for and on behalf of each Owner" and perform all operational obligations of the Owners. Id. at Section 9.18.

## Island View Crossing

67.    On or about August 14, 2006, CBRE entered into a PMA with PREI, Island View Crossing I, L.P., Island View TCI, L.P., and Island View Crossing II, L.P. (the "Island View Crossing Agreement"). See Exhibit 10. The premises is described in the Island View Crossing Agreement as follows: "an office facility located at 1414 Radcliffe Street, Bristol, PA 19007, containing approximately 183,000 rentable square feet, and commonly known as Island View Crossing."

68.    The Island View Crossing Agreement explains that the premises is owned by "Owner, either individually or collectively with one or more other Owners." The Owner is described in the Island View Crossing Agreement's introductory paragraph as Island View Crossing I, L.P., Island View TCI, L.P., and Island View Crossing II, L.P.; in the Notice provision, the Owner is identified as PREI. Id. at Introduction and Section 8.1. The Island View Crossing Agreement is signed for Owner by John R. Ahle, Jr. Mr. Ahle is a Vice President of PREI. Id.

69.    After reasonable investigation and upon information and belief, Defendant Island View Crossing I, L.P. is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of Island View Crossing I, L.P. is diverse from

CBRE. Island View Crossing I, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

70. After reasonable investigation and upon information and belief, Defendant Island View TCI, L.P. is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of Island View TCI, L.P. is diverse from CBRE. Island View TCI, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

71. After reasonable investigation and upon information and belief, Defendant Island View Crossing II, L.P. is a limited partnership organized under the laws of the Commonwealth of Pennsylvania, and each individual member of Island View Crossing II, L.P. is diverse from CBRE. Island View Crossing II, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

72. The Island View Crossing Agreement provides that an Operating Account be established and funded by Defendants for payment of various items, including compensation payable to CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including Island View, and it is held in the name of PREI.

73. The Island View Agreement also states that Preferred Asset is designated to act "as agent for and on behalf of each Owner" and perform all operational obligations of the Owners. Id. at Section 9.18.

### National Commerce Park / Landover

74. On or about August 14, 2006, CBRE entered into a PMA with PREI, PREI Landover Developers I, LLC, PREI Landover Developers II, LLC, PREI Landover Developers III, LLC, PREI Landover Developers IV, LLC, PREI Landover Developers V, LLC, PREI

-24-

Landover Developers VI, LLC, PREI Landover Developers VII, LLC, PREI Landover

Developers VIII, LLC, PREI Landover Developers IX, LLC, PREI Landover Developers X,

LLC, PREI Landover Developers XI, LLC, and PREI Landover Developers XII, LLC (the

"Landover Agreement"). See Exhibit 11. The premises is described in the Landover Agreement

as follows: "an office/warehouse facility located at 6300 Sheriff Road, Landover, MD 20785,

containing approximately 1,565,882 rentable square feet, and commonly known as National

Commerce Park."

75.    The Landover Agreement explains that the premises is owned by "Owner, either

individually or collectively with one or more other Owners." The Owner is described in the

Landover Agreement's introductory paragraph as PREI Landover Developers I, LLC, PREI

Landover Developers II, LLC, PREI Landover Developers III, LLC, PREI Landover Developers

IV, LLC, PREI Landover Developers V, LLC, PREI Landover Developers VI, LLC, PREI

Landover Developers VII, LLC, PREI Landover Developers VIII, LLC, PREI Landover

Developers IX, LLC, PREI Landover Developers X, LLC, PREI Landover Developers XI, LLC,

and PREI Landover Developers XII, LLC; in the Notice provision, the Owner is identified as

PREI. Id. at Introduction and Section 8.1. The Landover Agreement is signed for Owner by

Michael O'Neill as an "authorized person." Mr. O'Neill is the founder and CEO of PREI.

76.    After reasonable investigation and upon information and belief, Defendant PREI

Landover Developers I, LLC, is a limited liability company organized under the laws of the

Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers I,

LLC is diverse from CBRE. PREI Landover Developers I, LLC's principal place of business is

located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

77.     After reasonable investigation and upon information and belief, Defendant PREI
Landover Developers II, LLC, is a limited liability company organized under the laws of the
Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers II,
LLC is diverse from CBRE.  PREI Landover Developers II, LLC's principal place of business is
located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania  19428.

78.     After reasonable investigation and upon information and belief, Defendant PREI
Landover Developers III, LLC, is a limited liability company organized under the laws of the
Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers III,
LLC is diverse from CBRE.  PREI Landover Developers III, LLC's principal place of business is
located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania  19428.

79.     After reasonable investigation and upon information and belief, Defendant PREI
Landover Developers IV, LLC, is a limited liability company organized under the laws of the
Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers IV,
LLC is diverse from CBRE.  PREI Landover Developers IV, LLC's principal place of business
is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania  19428.

80.     After reasonable investigation and upon information and belief, Defendant PREI
Landover Developers V, LLC, is a limited liability company organized under the laws of the
Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers V,
LLC is diverse from CBRE.  PREI Landover Developers V, LLC principal place of business is
located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania  19428.

81.     After reasonable investigation and upon information and belief, Defendant PREI
Landover Developers VI, LLC, is a limited liability company organized under the laws of the
Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers VI,

LLC is diverse from CBRE. PREI Landover Developers VI, LLC's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

82. After reasonable investigation and upon information and belief, Defendant PREI Landover Developers VII, LLC, is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers VII, LLC is diverse from CBRE. PREI Landover Developers VII, LLC's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

83. After reasonable investigation and upon information and belief, Defendant PREI Landover Developers VIII, LLC, is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers, VIII, LLC is diverse from CBRE. PREI Landover Developers VIII, LLC's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

84. After reasonable investigation and upon information and belief, Defendant PREI Landover Developers IX, LLC, is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers, IX, LLC is diverse from CBRE. PREI Landover Developers IX, LLC's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

85. After reasonable investigation and upon information and belief, Defendant PREI Landover Developers X, LLC, is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers X, LLC is diverse from CBRE. PREI Landover Developers X, LLC's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

86.     After reasonable investigation and upon information and belief, Defendant PREI Landover Developers XI, LLC, is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers XI, LLC is diverse from CBRE.  PREI Landover Developers XI, LLC's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania  19428.

87.     After reasonable investigation and upon information and belief, Defendant PREI Landover Developers XII, LLC, is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, and each individual member of PREI Landover Developers XII, LLC is diverse from CBRE.  PREI Landover Developers XII, LLC's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania  19428.

88.     The Landover Agreement provides that an Operating Account be established and funded by Defendants for payment of various items, including compensation payable to CBRE. Id. at Section 3.6.  There is one Operating Account for all of the properties, including Landover, and it is held in the name of PREI.

89.     The Landover Agreement also states that Preferred Asset is designated to act "as agent for and on behalf of each Owner" and perform all operational obligations of the Owners. Id. at Section 9.18.

**Mid Atlantic Corporate Center / Prospect Plains**

90.     On or about August 14, 2006, CBRE entered into a PMA with PREI and 259 Prospect Plains Associates, L.P. (the "Prospect Plains Agreement").  See Exhibit 12.  The premises is described in the Prospect Plains Agreement as follows:  "an office/lab facility located at 259 Prospect Plains Road, Cranbury, NJ 08512, containing approximately 330,619 rentable square feet, and commonly known as Mid Atlantic Corporate Center."

91.     The Owner of the premises is described in the Prospect Plains Agreement's

introductory paragraph as 259 Prospect Plains Associates, L.P.; in the Notice provision, the

Owner is identified as PREI. Id. at Introduction and Section 8.1. The Prospect Plains

Agreement is signed for the Owner by John R. Ahle, Jr. Mr. Ahle is a Vice President of PREI.

Id.

92.     After reasonable investigation and upon information and belief, Defendant 259

Prospect Plains Associates, L.P. is a limited partnership organized under the laws of the

Commonwealth of Pennsylvania, and each individual member of 259 Prospect Plains Associates,

L.P. is diverse from CBRE. 259 Prospect Plains Associates, L.P.'s principal place of business is

located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

93.     The Prospect Plains Agreement provides that an Operating Account be

established and funded by Defendants for payment of various items, including compensation

payable to CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties,

including Prospect Plains, and it is held in the name of PREI.

94.     The Prospect Plains Agreement also states that Preferred Asset is designated to

act "as agent for and on behalf of each Owner" and perform all operational obligations of the

Owners. Id. at Section 9.18.

### Blue Castle / M Street

95.     On or about August 14, 2006, CBRE entered into a PMA with PREI and PREI

770 M Street Associates, LLC (the "M Street Agreement"). See Exhibit 13. The premises is

described in the M Street Agreement as follows: "an office facility located at 770 M Street SE,

Washington, DC, 20003, containing approximately 101,500 rentable square feet, and commonly

known as Blue Castle."

96.     The Owner of the premises is described in the M Street Agreement's introductory paragraph as PREI 770 M Street Associates, LLC; in the Notice provision, the Owner is identified as PREI. Id. at Introduction and Section 8.1. The M Street Agreement is signed on behalf of the Owner by Michael G. O'Neill. Mr. O'Neill is the founder and CEO of PREI. Id.

97.     After reasonable investigation and upon information and belief, Defendant 770 M Street Associates, LLC. is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, and each individual member of 770 M Street Associates, LLC is diverse from CBRE. 770 M Street Associates, L.P.'s principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

98.     The M Street Agreement provides that an Operating Account be established and funded by Defendants for payment of various items, including compensation payable to CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including M Street, and it is held in the name of PREI.

### Taylor Avenue

99.     On or about August 14, 2006, CBRE entered into a PMA with PREI and 1400 Taylor Associates, LLC (the "Taylor Avenue Agreement"). See Exhibit 14. The premises is described in the Taylor Avenue Agreement as follows: "an office facility located at 1400 Taylor Avenue, Towson, MD 21286, containing approximately 147,000 rentable square feet, and commonly known as Taylor Avenue."

100.    The Owner of the premises is described in the Taylor Avenue Agreement's introductory paragraph as 1400 Taylor Associates, LLC; in the Notice provision, the Owner is identified as PREI. Id. at Introduction and Section 8.1. The Taylor Avenue Agreement is signed

-30-

on behalf of the Owner by Preferred Real Estate Investments, Inc., under the signature of John Ahle, Vice President of PREI. Id.

101.   After reasonable investigation and upon information and belief, Defendant 1400 Taylor Associates, LLC is a limited liability company organized under the laws of the State of Maryland, and each individual member of 1400 Taylor Associates, LLC is diverse from CBRE. 1400 Taylor Associates, LLC's principal place of business is located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

102.   The Taylor Avenue Agreement provides that an Operating Account be established and funded by Defendants for payment of various items, including compensation payable to CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including Taylor Avenue, and it is held in the name of PREI.

### Attleboro Corporate Campus

103.   On or about August 14, 2006, CBRE entered into a PMA with PREI, PREI Attleboro Associates, L.P., PREI Attleboro Associates I, L.P., PREI Attleboro Associates III, L.P., and Attleboro Corporate Center Association, Inc. (the "Attleboro Agreement"). See Exhibit 15. The premises is described in the Attleboro Agreement as follows: "an industrial facility located at 34 Forest Street, Attleboro, MA 02703 containing approximately 664,775 rentable square feet, and commonly known as Attleboro Corporate Campus."

104.   The Attleboro Agreement explains that the premises is owned by "Owner, either individually or collectively with one or more other Owners." The Owner is described in the Attleboro Agreement's introductory paragraph as PREI Attleboro Associates, L.P., PREI Attleboro Associates I, L.P., PREI Attleboro Associates III, L.P., and Attleboro Corporate Center Association, Inc.; in the Notice provision, the Owner is identified as PREI. Id. at Introduction

and Section 8.1. The Attleboro Agreement is signed for the Owner by John R. Ahle, Jr. Mr.
Ahle is a Vice President of PREI. Id.

105. After reasonable investigation and upon information and belief, Defendant PREI
Attleboro Associates, L.P. is a limited partnership organized under the laws of the
Commonwealth of Pennsylvania, and each individual member of PREI Attleboro Associates,
L.P. is diverse from CBRE. PREI Attleboro Associates, L.P.'s principal place of business is
located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

106. After reasonable investigation and upon information and belief, Defendant PREI
Attleboro Associates I, L.P. is a limited partnership organized under the laws of the
Commonwealth of Pennsylvania, and each individual member of PREI Attleboro Associates I,
L.P. is diverse from CBRE. PREI Attleboro Associates I, L.P.'s principal place of business is
located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

107. After reasonable investigation and upon information and belief, Defendant PREI
Attleboro Associates III, L.P. is a limited partnership organized under the laws of the
Commonwealth of Pennsylvania, and each individual member of PREI Attleboro Associates III,
L.P. is diverse from CBRE. PREI Attleboro Associates III, L.P.'s principal place of business is
located at 1001 E. Hector Street, Suite 100, Conshohocken, Pennsylvania 19428.

108. After reasonable investigation and upon information and belief, Defendant
Attleboro Corporate Center Association, Inc. is a nonprofit corporation organized under the laws of
the Commonwealth of Massachusetts, with its principal place of business located at 533 Pleasant
Street, Attleboro, Massachusetts 02703 or 1001 E. Hector Street, Suite 100, Conshohocken,
Pennsylvania 19428.

109.    The Attleboro Agreement provides that an Operating Account be established and funded by Defendants for payment of various items, including compensation payable to CBRE. Id. at Section 3.6. There is one Operating Account for all of the properties, including Attleboro, and it is held in the name of PREI.

110.    The Attleboro Agreement also states that Preferred Asset is designated to act "as agent for and on behalf of each Owner" and perform all operational obligations of the Owners. Id. at Section 9.18.

## FACTS COMMON TO ALL COUNTS

111.    By entering into the PMAs, Defendants undertook and assumed contractual obligations to pay CBRE fees, costs, and expenses related to CBRE's management and operation services. See Sections 3.7(c) & Exhibit C (Employee Costs), 6.1 (Management Fee), and 6.3 (Other Compensation) of each of Exhibits 1-15. Collectively, these obligations will hereinafter be referred to as the "Required Payments."

112.    Defendants have not made the Required Payments to CBRE and have not maintained the required amounts in the Operating Accounts for each property to allow disbursement of the Required Payments.

113.    On March 16, 2007, consistent with Section 7.3 of the each of the attached PMAs, CBRE notified Defendants that they were in default with respect to Section 6.1 of each PMA (the "Cure Letter").

114.    Defendants failed to cure or correct the defaults with respect to Section 6.1 of the PMA within thirty (30) days following the receipt of the Cure Letter.

115.    At all relevant times, CBRE has fulfilled all of its obligations under the PMAs.

116.    All conditions precedent to filing this action have been satisfied.

## COUNT I -- BREACH OF CONTRACT -- NORTH HAVEN AGREEMENT
### (vs. PREI and PREI North Haven, LLC)

117.   CBRE realleges and incorporates paragraphs 1 through 116 as if fully set forth herein.

118.   The North Haven Agreement is a valid and enforceable agreement, to be governed by the laws of the State of Connecticut. Exhibit 1 at Section 9.10. CBRE has performed all of its obligations under the North Haven Agreement.

119.   Defendants PREI and PREI North Haven, LLC promised to make the Required Payments to CBRE under the North Haven Agreement.

120.   Defendants PREI and PREI North Haven, LLC have breached this promise by failing to pay the Required Payments owed to CBRE to date under the North Haven Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

121.   CBRE has suffered damages as the direct and proximate result of this breach.

122.   Moreover, pursuant to Section 9.11 of the North Haven Agreement, PREI and PREI North Haven, LLC also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and PREI North Haven, LLC for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT II -- UNJUST ENRICHMENT -- NORTH HAVEN PROPERTY
## (vs. PREI and PREI North Haven, LLC)

123.    CBRE realleges and incorporates paragraphs 1 through 122 as if fully set forth herein.

124.    Strictly in the alternative, PREI and PREI North Haven, LLC have received a benefit from CBRE; namely, CBRE's management of the North Haven property.

125.    Defendants PREI and PREI North Haven, LLC have appreciated that benefit and, in fact, were able to sell the property as a result of CBRE's good management of the North Haven property.

126.    Defendants PREI and PREI North Haven, LLC have unjustly not paid CBRE for this benefit, to CBRE's detriment.

127.    Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and PREI North Haven, LLC for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT III -- BREACH OF CONTRACT -- COUNTY LINE AGREEMENT
## (vs. PREI, Coroad Associates, L.P., Coroad Associates II, L.P., and Preferred Asset
## Management, LLC)

128.    CBRE realleges and incorporates paragraphs 1 through 127 as if fully set forth herein.

129.    The County Line Agreement is a valid and enforceable agreement, to be governed by the laws of the Commonwealth of Pennsylvania. Exhibit 2 at Section 9.10. CBRE has performed all of its obligations under the County Line Agreement.

130.    Defendants PREI, Coroad Associates, L.P., and Coroad Associates II, L.P. promised to make the Required Payments to CBRE under the County Line Agreement.

131.    Moreover, Defendant Preferred Asset promised in the County Line Agreement that, as the authorized agent of "each owner", it shall perform all operational obligations of the owners under the County Line Agreement -- including making the Required Payments to CBRE. Id. at Section 9.18.

132.    Defendants PREI, Coroad Associates, L.P., Coroad Associates II, L.P. and Preferred Asset have breached these promises by failing to pay the Required Payments owed to CBRE to date under the County Line Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

133.    Defendants PREI, Coroad Associates, L.P., Coroad Associates II, L.P. and Preferred Asset may not make all payments they are contractually obligated to make from today's date through termination of the County Line Agreement. CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

134.    CBRE has suffered damages as a result of this breach.

135.    Moreover, pursuant to Section 9.11 of the County Line Agreement, PREI, Coroad Associates, L.P., Coroad Associates II, L.P. and Preferred Asset also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI, Coroad Associates, L.P., Coroad Associates II, L.P. and Preferred Asset for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

-36-

## COUNT IV -- UNJUST ENRICHMENT -- COUNTY LINE PROPERTY
### (vs. PREI, Coroad Associates, L.P., and Coroad Associates II, L.P.)

136.    CBRE realleges and incorporates paragraphs 1 through 135 as if fully set forth herein.

137.    Strictly in the alternative, PREI, Coroad Associates, L.P., and Coroad Associates II, L.P. have received a benefit from CBRE; namely, CBRE's management of the County Line property.

138.    Defendants PREI, Coroad Associates, L.P., and Coroad Associates II, L.P. have appreciated the benefit and continue to do so.

139.    Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI, Coroad Associates, L.P., and Coroad Associates II, L.P. for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT V -- BREACH OF CONTRACT -- HUDSON VALLEY AGREEMENT
### (vs. PREI, PREI Hopewell Junction Associates, L.P. and Preferred Asset Management, LLC)

140.    CBRE realleges and incorporates paragraphs 1 through 139 as if fully set forth herein.

141.    The Hudson Valley Agreement is a valid and enforceable agreement, to be governed by the laws of the State of New York.  Exhibit 3 at Section 9.10.  CBRE has performed all of its obligations under the Hudson Valley Agreement.

142.    Defendants PREI and PREI Hopewell Junction Associates, L.P. promised to make the Required Payments to CBRE under the Hudson Valley Agreement.

143. Moreover, Defendant Preferred Asset promised in the Hudson Valley Agreement that, as the authorized agent of "each owner", it shall perform all operational obligations of the owners under the Hudson Valley Agreement -- including making the Required Payments to CBRE. Id. at Section 9.18.

144. Defendants PREI, PREI Hopewell Junction Associates, L.P. and Preferred Asset have breached these promises by failing to pay the Required Payments owed to CBRE to date under the Hudson Valley Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

145. Defendants PREI, PREI Hopewell Junction Associates, L.P. and Preferred Asset may not make all payments they are contractually obligated to make from today's date through termination of the Hudson Valley Agreement. CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

146. CBRE has suffered damages as a result of this breach.

147. Moreover, pursuant to Section 9.11 of the Hudson Valley Agreement, PREI, PREI Hopewell Junction Associates, L.P. and Preferred Asset also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI, PREI Hopewell Junction Associates, L.P. and Preferred Asset for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT VI -- UNJUST ENRICHMENT -- HUDSON VALLEY PROPERTY
### (vs. PREI and PREI Hopewell Junction Associates, L.P.)

148. CBRE realleges and incorporates paragraphs 1 through 147 as if fully set forth herein.

149. Strictly in the alternative, PREI and PREI Hopewell Junction Associates, L.P. have received a benefit from CBRE; namely, CBRE's management of the Hudson Valley property.

150. Defendants PREI and PREI Hopewell Junction Associates, L.P. have appreciated and been enriched by the benefit and continue to do so.

151. Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and PREI Hopewell Junction Associates, L.P. for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT VII -- BREACH OF CONTRACT -- BOLTON STREET AGREEMENT
### (vs. PREI and PREI Bolton Street Associates, LP)

152. CBRE realleges and incorporates paragraphs 1 through 151 as if fully set forth herein.

153. The Bolton Street Agreement is a valid and enforceable agreement, to be governed by the laws of the Commonwealth of Massachusetts. Exhibit 4 at Section 9.10. CBRE has fulfilled all of its obligations under the Bolton Street Agreement.

154. Defendants PREI and PREI Bolton Street Associates, LP promised to make the Required Payments to CBRE under the Bolton Street Agreement.

155.    Defendants PREI and PREI Bolton Street Associates, LP have breached these promises by failing to pay the Required Payments owed to CBRE to date under the Bolton Street Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

156.    Defendants PREI and PREI Bolton Street Associates, LP may not make all payments they are contractually obligated to make from today's date through termination of the Bolton Street Agreement. CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

157.    CBRE has suffered damages as a result of this breach.

158.    Moreover, pursuant to Section 9.11 of the Hudson Valley Agreement, PREI and PREI Bolton Street Associates, LP also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and PREI Bolton Street Associates, LP for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

### COUNT VIII -- UNJUST ENRICHMENT -- BOLTON STREET PROPERTY
### (vs. PREI and PREI Bolton Street Associates, LP)

159.    CBRE realleges and incorporates paragraphs 1 through 158 as if fully set forth herein.

160.    Strictly in the alternative, Defendants PREI and PREI Bolton Street Associates, LP have received a benefit from CBRE; namely, CBRE's management of the Bolton Street property.

161. Defendants PREI and PREI Bolton Street Associates, LP have appreciated the benefit and continue to do so.

162. Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and PREI Bolton Street Associates, LP for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

### COUNT IX -- BREACH OF CONTRACT -- CHESHIRE AGREEMENT
### (vs. PREI and PREI Cheshire Associates, L.P.)

163. CBRE realleges and incorporates paragraphs 1 through 162 as if fully set forth herein.

164. The Cheshire Agreement is a valid and enforceable agreement, to be governed by the laws of the State of Connecticut. Exhibit 5 at Section 9.10. CBRE has performed all of its obligations under the Cheshire Agreement.

165. Defendants PREI and PREI Cheshire Associates, L.P. promised to make the Required Payments to CBRE under the Cheshire Agreement.

166. Defendants PREI and PREI Cheshire Associates, L.P. have breached these promises by failing to pay the Required Payments owed to CBRE to date under the Cheshire Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

167. Defendants PREI and PREI Cheshire Associates, L.P. may not make all payments they are contractually obligated to make from today's date through termination of the Cheshire Agreement. CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

168.    CBRE has suffered damages as the direct and proximate result of this breach.

169.    Moreover, pursuant to Section 9.11 of the Cheshire Agreement, PREI and PREI
Cheshire Associates, L.P. also must pay CBRE all attorneys' fees and costs it has incurred in
litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the
Court enter judgment in its favor and against Defendants PREI and PREI Cheshire Associates,
L.P. for damages, interest, attorneys' fees, costs, and such other relief as this Court deems
appropriate.

## COUNT X -- UNJUST ENRICHMENT -- CHESHIRE PROPERTY
### (vs. PREI and PREI Cheshire Associates, L.P.)

170.    CBRE realleges and incorporates paragraphs 1 through 169 as if fully set forth
herein.

171.    Strictly in the alternative, Defendants PREI and PREI Cheshire Associates, L.P.
have received a benefit from CBRE; namely, CBRE's management of the Cheshire property.

172.    Defendants PREI and PREI Cheshire Associates, L.P. have unjustly not paid
CBRE for the benefit, to CBRE's detriment.

173.    Defendants PREI and PREI Cheshire Associates, L.P. have appreciated the
benefit and continue to do so.

174.    Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the
Court enter judgment in its favor and against Defendants PREI and PREI Cheshire Associates,
L.P. for damages, interest, attorneys' fees, costs, and such other relief as this Court deems
appropriate.

## COUNT XI -- BREACH OF CONTRACT -- CHURCH ROAD AGREEMENT
### (vs. PREI, 215 Churoad Associates, L.P., 217 Churoad Associates, L.P., and Preferred Asset Management, LLC)

175. CBRE realleges and incorporates paragraphs 1 through 174 as if fully set forth herein.

176. The Church Road Agreement is a valid and enforceable agreement, to be governed by the laws of the Commonwealth of Pennsylvania. Exhibit 6 at Section 9.10. CBRE has performed all of its obligations under the Church Road Agreement.

177. Defendants PREI, 215 Churoad Associates, L.P., and 217 Churoad Associates, L.P. promised to make the Required Payments to CBRE under the Church Road Agreement.

178. Moreover, Defendant Preferred Asset promised in the Church Road Agreement that, as the authorized agent of "each owner", it shall perform all operational obligations of the owners under the Church Road Agreement -- including making the Required Payments to CBRE. Id. at Section 9.18.

179. Defendants PREI, 215 Churoad Associates, L.P., and 217 Churoad Associates, L.P., and Preferred Asset have breached these promises by failing to pay the Required Payments owed to CBRE to date under the Church Road Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

180. Defendants PREI, 215 Churoad Associates, L.P., and 217 Churoad Associates, L.P., and Preferred Asset may not make all payments they are contractually obligated to make from today's date through termination of the Church Road Agreement. CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

181. CBRE has suffered damages as a result of this breach.

182.    Moreover, pursuant to Section 9.11 of the Church Road Agreement, PREI, 215 Churoad Associates, L.P., and 217 Churoad Associates, L.P., and Preferred Asset also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI, 215 Churoad Associates, L.P., and 217 Churoad Associates, L.P., and Preferred Asset for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

### COUNT XII -- UNJUST ENRICHMENT -- CHURCH ROAD PROPERTY
### (vs. PREI, 215 Churoad Associates, L.P., and 217 Churoad Associates, L.P.)

183.    CBRE realleges and incorporates paragraphs 1 through 182 as if fully set forth herein.

184.    Strictly in the alternative, Defendants PREI, 215 Churoad Associates, L.P., and 217 Churoad Associates, L.P. have received a benefit from CBRE; namely, CBRE's management of the Church Road property.

185.    Defendants PREI, 215 Churoad Associates, L.P., and 217 Churoad Associates, L.P. have appreciated the benefit and continue to do so.

186.    Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI, 215 Churoad Associates, L.P., and 217 Churoad Associates, L.P. for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT XIII -- BREACH OF CONTRACT -- PERRYVILLE AGREEMENT
### (vs. PREI and Perryville III Associates, LP)

187.    CBRE realleges and incorporates paragraphs 1 through 186 as if fully set forth herein.

188.    The Perryville Agreement is a valid and enforceable agreement, to be governed by the laws of the State of New Jersey. Exhibit 7 at Section 9.10. CBRE has performed all of its obligations under the Perryville Agreement.

189.    Defendants PREI and Perryville III Associates, LP promised to make the Required Payments to CBRE under the Perryville Agreement.

190.    Defendants PREI and Perryville III Associates, LP have breached these promises and rendered defective performance by failing to pay the Required Payments owed to CBRE to date under the Perryville Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

191.    Defendants PREI and Perryville III Associates, LP may not make all payments they are contractually obligated to make from today's date through termination of the Perryville Agreement. CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

192.    CBRE has suffered damages as a result of this breach.

193.    Moreover, pursuant to Section 9.11 of the Perryville Agreement, PREI and Perryville III Associates, LP also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE,** Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and Perryville III Associates, LP

for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT XIV -- UNJUST ENRICHMENT -- PERRYVILLE PROPERTY
### (vs. PREI and Perryville III Associates, LP)

194. CBRE realleges and incorporates paragraphs 1 through 193 as if fully set forth herein.

195. Strictly in the alternative, Defendants PREI and Perryville III Associates, LP have received a benefit from CBRE for which CBRE expected remuneration; namely, CBRE's management of the Perryville property.

196. Defendants PREI and Perryville III Associates, LP have appreciated the benefit and continue to do so.

197. Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and Perryville III Associates, LP for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT XV -- BREACH OF CONTRACT -- PHILLIPSBURG AGREEMENT
### (vs. PREI, Phillipsburg Associates, L.P., Phillipsburg Associates I, L.P., Phillipsburg Associates II, L.P., Phillipsburg Associates III, L.P., Phillipsburg Commerce Park Association, LLC and Preferred Asset Management, LLC)

198. CBRE realleges and incorporates paragraphs 1 through 197 as if fully set forth herein.

199. The Phillipsburg Agreement is a valid and enforceable agreement, to be governed by the laws of the State of New Jersey. Exhibit 8 at Section 9.10. CBRE has performed all of its obligations under the Phillipsburg Agreement.

-46-

200.    Defendants PREI, along with Phillipsburg Associates, L.P., Phillipsburg Associates I, L.P., Phillipsburg Associates II, L.P., Phillipsburg Associates III, L.P., and Phillipsburg Commerce Park Association, LLC (collectively the "Phillipsburg Associates"), promised to make the Required Payments to CBRE under the Phillipsburg Agreement.

201.    Moreover, Defendant Preferred Asset promised in the Phillipsburg Agreement that, as the authorized agent of "each owner", it shall perform all operational obligations of the owners under the Phillipsburg Agreement -- including making the Required Payments to CBRE. Id. at Section 9.18.

202.    Defendants PREI, the Phillipsburg Associates, and Preferred Asset have breached these promises by failing to pay the Required Payments owed to CBRE to date under the Phillipsburg Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments. The total amounts owed to CBRE for management of this property, alone, exceed $80,000.

203.    Defendants PREI, the Phillipsburg Associates, and Preferred Asset may not make all payments they are contractually obligated to make from today's date through termination of the Phillipsburg Agreement. CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

204.    CBRE has suffered damages as a result of this breach.

205.    Moreover, pursuant to Section 9.11 of the Phillipsburg Agreement, PREI, the Phillipsburg Associates, and Preferred Asset also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI, the Phillipsburg Associates, and

Preferred Asset for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT XVI -- UNJUST ENRICHMENT -- PHILLIPSBURG PROPERTY
### (vs. PREI, Phillipsburg Associates, L.P., Phillipsburg Associates I, L.P., Phillipsburg Associates II, L.P., Phillipsburg Associates III, L.P., and Phillipsburg Commerce Park Association, LLC)

206.    CBRE realleges and incorporates paragraphs 1 through 205 as if fully set forth herein.

207.    Strictly in the alternative, Defendants PREI, along with Phillipsburg Associates, L.P., Phillipsburg Associates I, L.P., Phillipsburg Associates II, L.P., Phillipsburg Associates III, L.P., and Phillipsburg Commerce Park Association, LLC (collectively the "Phillipsburg Associates") have received a benefit from CBRE for which CBRE expected remuneration; namely, CBRE's management of the Phillipsburg property.

208.    Defendants PREI and the Phillipsburg Associates have appreciated the benefit and continue to do so.

209.    Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and the Phillipsburg Associates for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

**COUNT XVII -- BREACH OF CONTRACT -- HUNTING PARK AGREEMENT**
**(vs. PREI, Hunting Fox Associates I, L.P., Hunting Fox Associates III, L.P.,**
**Hunting Fox Associates IV, L.P., Hunting Fox Associates V, L.P.,**
**Hunting Fox TCI III, L.P., Hunting Fox TCI IV, L.P., and**
**Preferred Asset Management, LLC)**

210. CBRE realleges and incorporates paragraphs 1 through 209 as if fully set forth herein.

211. The Hunting Park Agreement is a valid and enforceable agreement, to be governed by the laws of the Commonwealth of Pennsylvania. Exhibit 9 at Section 9.10. CBRE has performed all of its obligations under the Hunting Park Agreement.

212. Defendants PREI, along with Hunting Fox Associates I, L.P., Hunting Fox Associates III, L.P., Hunting Fox Associates IV, L.P., Hunting Fox Associates V, L.P., Hunting Fox TCI III, L.P., and Hunting Fox TCI IV, L.P. (collectively the "Hunting Fox Associates") promised to make the Required Payments to CBRE under the Hunting Park Agreement.

213. Moreover, Defendant Preferred Asset promised in the Hunting Park Agreement that, as the authorized agent of "each owner", it shall perform all operational obligations of the owners under the Hunting Park Agreement -- including making the Required Payments to CBRE. Id. at Section 9.18.

214. Defendants PREI, the Hunting Fox Associates, and Preferred Asset have breached these promises by failing to pay the Required Payments owed to CBRE to date under the Hunting Park Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

215. Defendants PREI, the Hunting Fox Associates, and Preferred Asset may not make all payments they are contractually obligated to make from today's date through termination of

the Hunting Park Agreement. CBRE is entitled to recover those amounts as well, which can be

itemized after April 2007 and proven at the time of trial.

216.   CBRE has suffered damages as a result of this breach.

217.   Moreover, pursuant to Section 9.11 of the Hunting Park Agreement, PREI, the

Hunting Fox Associates, and Preferred Asset also must pay CBRE all attorneys' fees and costs it

has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the

Court enter judgment in its favor and against Defendants PREI, the Hunting Fox Associates, and

Preferred Asset for damages, interest, attorneys' fees, costs, and such other relief as this Court

deems appropriate.

### COUNT XVIII -- UNJUST ENRICHMENT -- HUNTING PARK PROPERTY
### (vs. PREI, Hunting Fox Associates I, L.P., Hunting Fox Associates III, L.P., Hunting Fox Associates IV, L.P., Hunting Fox Associates V, L.P., Hunting Fox TCI III, L.P., and Hunting Fox TCI IV, L.P.)

218.   CBRE realleges and incorporates paragraphs 1 through 217 as if fully set forth

herein.

219.   Strictly in the alternative, PREI, along with Hunting Fox Associates I, L.P.,

Hunting Fox Associates III, L.P., Hunting Fox Associates IV, L.P., Hunting Fox Associates V,

L.P., Hunting Fox TCI III, L.P., and Hunting Fox TCI IV, L.P. (collectively the "Hunting Fox

Associates"), have received a benefit from CBRE; namely, CBRE's management of the Hunting

Park property.

220.   Defendants PREI and the Hunting Fox Associates have appreciated the benefit

and continue to do so.

221.   Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and the Hunting Fox Associates for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

### COUNT XIX -- BREACH OF CONTRACT -- ISLAND VIEW CROSSING AGREEMENT
### (vs. PREI, Island View Crossing I, L.P., Island View TCI, L.P., Island View Crossing II, L.P., and Preferred Asset Management, LLC)

222.    CBRE realleges and incorporates paragraphs 1 through 221 as if fully set forth herein.

223.    The Island View Crossing Agreement is a valid and enforceable agreement, to be governed by the laws of the Commonwealth of Pennsylvania. Exhibit 10 at Section 9.10.  CBRE has performed all of its obligations under the Island View Crossing Agreement.

224.    Defendants PREI, along with Island View Crossing I, L.P., Island View TCI, L.P., and Island View Crossing II, L.P. (collectively the "Island View Entities"), promised to make the Required Payments to CBRE under the Island View Crossing Agreement.

225.    Moreover, Defendant Preferred Asset promised in the Island View Crossing Agreement that, as the authorized agent of "each owner", it shall perform all operational obligations of the owners under the Island View Crossing Agreement -- including making the Required Payments to CBRE. Id. at Section 9.18.

226.    Defendants PREI, Island View Entities, and Preferred Asset have breached these promises by failing to pay the Required Payments owed to CBRE to date under the Island View Crossing Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

-51-

227.   Defendants PREI, the Island View Entities, and Preferred Asset may not make all payments they are contractually obligated to make from today's date through termination of the Island View Crossing Agreement. CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

228.   CBRE has suffered damages as a result of this breach.

229.   Moreover, pursuant to Section 9.11 of the Island View Crossing Agreement, PREI, the Island View Entities, and Preferred Asset also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI, the Island View Entities, and Preferred Asset for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT XX -- UNJUST ENRICHMENT -- ISLAND VIEW CROSSING PROPERTY
### (vs. PREI, Island View Crossing I, L.P., Island View TCI, L.P. and Island View Crossing II, L.P.)

230.   CBRE realleges and incorporates paragraphs 1 through 229 as if fully set forth herein.

231.   Strictly in the alternative, Defendants PREI, along with Island View Crossing I, L.P., Island View TCI, L.P., and Island View Crossing II, L.P. (collectively the "Island View Entities"), have received a benefit from CBRE; namely, CBRE's management of the Island View Crossing property.

232.   Defendants PREI and the Island View Entities have appreciated the benefit and continue to do so.

233.   Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and the Island View Entities for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

**COUNT XXI -- BREACH OF CONTRACT -- LANDOVER AGREEMENT**
**(vs. PREI, PREI Landover Developers I, LLC, PREI Landover Developers II, LLC,**
**PREI Landover Developers III, LLC, PREI Landover Developers IV, LLC, PREI**
**Landover Developers V, LLC, PREI Landover Developers VI, LLC,**
**PREI Landover Developers VII, LLC, PREI Landover Developers VIII, LLC,**
**PREI Landover Developers IX, LLC, PREI Landover Developers X, LLC,**
**PREI Landover Developers XI, LLC, PREI Landover Developers XII, LLC, and**
**Preferred Asset Management, LLC)**

234.    CBRE realleges and incorporates paragraphs 1 through 233 as if fully set forth herein.

235.    The Landover Agreement is a valid and enforceable agreement between CBRE and the above-noted Defendants, to be governed by the laws of the State of Maryland. Exhibit 11 at Section 9.10. CBRE has performed all of its obligations under the Landover Agreement.

236.    Defendants PREI, along with PREI Landover Developers I, LLC, PREI Landover Developers II, LLC, PREI Landover Developers III, LLC, PREI Landover Developers IV, LLC, PREI Landover Developers V, LLC, PREI Landover Developers VI, LLC, PREI Landover Developers VII, LLC, PREI Landover Developers VIII, LLC, PREI Landover Developers IX, LLC, PREI Landover Developers X, LLC, PREI Landover Developers XI, LLC, and PREI Landover Developers XII (collectively the "Landover Developers Entities"), promised to make the Required Payments to CBRE under the Landover Agreement.

237.    Moreover, Defendant Preferred Asset promised in the Landover Agreement that, as the authorized agent of "each owner", it shall perform all operational obligations of the owners under the Landover Agreement -- including making the Required Payments to CBRE. Id. at Section 9.18.

238.    Defendants PREI, the Landover Developers Entities, and Preferred Asset have breached these promises by failing to pay the Required Payments owed to CBRE to date under the Landover Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.  The total owed to CBRE on this property, alone, exceeds $150,000.

239.    Defendants PREI, the Landover Developers Entities, and Preferred Asset may not make all payments they are contractually obligated to make from today's date through termination of the Landover Agreement.  CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

240.    CBRE has suffered actual damages as a result of this breach.

241.    Moreover, pursuant to Section 9.11 of the Landover Agreement, PREI, the Landover Developers Entities, and Preferred Asset also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI, the Landover Developers Entities, and Preferred Asset for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

**COUNT XXII -- UNJUST ENRICHMENT -- LANDOVER PROPERTY**
**(vs. PREI, PREI Landover Developers I, LLC, PREI Landover Developers II, LLC,**
**PREI Landover Developers III, LLC, PREI Landover Developers IV, LLC, PREI**
**Landover Developers V, LLC, PREI Landover Developers VI, LLC,**
**PREI Landover Developers VII, LLC, PREI Landover Developers VIII, LLC,**
**PREI Landover Developers IX, LLC, PREI Landover Developers X, LLC,**
**PREI Landover Developers XI, LLC, and PREI Landover Developers XII, LLC)**

242.   CBRE realleges and incorporates paragraphs 1 through 241 as if fully set forth herein.

243.   Strictly in the alternative, PREI, along with PREI Landover Developers I, LLC, PREI Landover Developers II, LLC, PREI Landover Developers III, LLC, PREI Landover Developers IV, LLC, PREI Landover Developers V, LLC, PREI Landover Developers VI, LLC, PREI Landover Developers VII, LLC, PREI Landover Developers VIII, LLC, PREI Landover Developers IX, LLC, PREI Landover Developers X, LLC, PREI Landover Developers XI, LLC, and PREI Landover Developers XII (collectively the "Landover Developers Entities"), have received a benefit from CBRE; namely, CBRE's management of the Landover property.

244.   Defendants PREI and the Landover Developers Entities have appreciated the benefit and continue to do so.

245.   Retention of this benefit without payment of its value to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and the Landover Developers Entities for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

**COUNT XXIII -- BREACH OF CONTRACT -- PROSPECT PLAINS AGREEMENT
(vs. PREI, 259 Prospect Plains Associates, L.P., and Preferred Asset Management, LLC)**

246.    CBRE realleges and incorporates paragraphs 1 through 245 as if fully set forth herein.

247.    The Prospect Plains Agreement is a valid and enforceable agreement, to be governed by the laws of the State of New Jersey. Exhibit 12 at Section 9.10. CBRE has performed all of its obligations under the Prospect Plains Agreement.

248.    Defendants PREI and 259 Prospect Plains Associates, L.P. promised to make the Required Payments to CBRE under the Prospect Plains Agreement.

249.    Moreover, Defendant Preferred Asset promised in the Prospect Plains Agreement that, as the authorized agent of "each owner", it shall perform all operational obligations of the owners under the Prospect Plains Agreement -- including making the Required Payments to CBRE. Id. at Section 9.18.

250.    Defendants PREI, 259 Prospect Plains Associates, L.P. and Preferred Asset have breached these promises and rendered defective performance by failing to pay the Required Payments owed to CBRE to date under the Prospect Plains Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

251.    Defendants PREI, 259 Prospect Plains Associates, L.P., and Preferred Asset may not make all payments they are contractually obligated to make from today's date through termination of the Prospect Plains Agreement. CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

252.    CBRE has suffered damages as a result of this breach.

253.     Moreover, pursuant to Section 9.11 of the Prospect Plains Agreement, PREI, 259 Prospect Plains Associates, L.P., and Preferred Asset also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI, 259 Prospect Plains Associates, L.P., and Preferred Asset for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT XXIV -- UNJUST ENRICHMENT -- PROSPECT PLAINS PROPERTY
### (vs. PREI and 259 Prospect Plains Associates, L.P.)

254.     CBRE realleges and incorporates paragraphs 1 through 253 as if fully set forth herein.

255.     Strictly in the alternative, PREI and 259 Prospect Plains Associates, L.P. have received a benefit from CBRE for which CBRE expected remuneration; namely, CBRE's management of the Prospect Plains property.

256.     Defendants PREI and 259 Prospect Plains Associates, L.P. have appreciated the benefit and continue to do so.

257.     Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and 259 Prospect Plains Associates, L.P. for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT XXV -- BREACH OF CONTRACT -- M STREET AGREEMENT
### (vs. PREI and PREI 770 M Street Associates, LLC)

258.    CBRE realleges and incorporates paragraphs 1 through 257 as if fully set forth herein.

259.    The M Street Agreement is a valid and enforceable agreement, to be governed by the laws of the District of Columbia. Exhibit 13 at Section 9.10. CBRE has fully performed all of its obligations under the M Street Agreement.

260.    Defendants PREI and PREI 770 M Street Associates, LLC promised to make the Required Payments to CBRE under the M Street Agreement.

261.    Defendants PREI and PREI 770 M Street Associates, LLC have breached these promises by failing to pay the Required Payments owed to CBRE to date under the M Street Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

262.    Defendants PREI and PREI 770 M Street Associates, LLC may not make all payments they are contractually obligated to make from today's date through termination of the M Street Agreement. CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

263.    CBRE has suffered damages as a result of this breach.

264.    Moreover, pursuant to Section 9.11 of the M Street Agreement, PREI and PREI 770 M Street Associates, LLC also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and PREI 770 M Street

Associates, LLC for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT XXVI -- UNJUST ENRICHMENT -- M STREET PROPERTY
### (vs. PREI and PREI 770 M Street Associates, LLC)

265.    CBRE realleges and incorporates paragraphs 1 through 264 as if fully set forth herein.

266.    Strictly in the alternative, PREI and PREI 770 M Street Associates, LLC have received a benefit from CBRE; namely, CBRE's management of the M Street property.

267.    Defendants PREI and PREI 770 M Street Associates, LLC have appreciated the benefit and continue to do so.

268.    Retention of this benefit without payment to CBRE would be inequitable and unjust.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and PREI 770 M Street Associates, LLC for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT XXVII -- BREACH OF CONTRACT -- TAYLOR AVENUE AGREEMENT
### (vs. PREI and 1400 Taylor Associates, LLC)

269.    CBRE realleges and incorporates paragraphs 1 through 268 as if fully set forth herein.

270.    The Taylor Avenue Agreement is a valid and enforceable agreement between CBRE and the above-noted Defendants, to be governed by the laws of the State of Maryland. Exhibit 14 at Section 9.10. CBRE has performed all of its obligations under the Taylor Avenue Agreement.

271.   Defendants PREI and 1400 Taylor Associates, LLC promised to make the Required Payments to CBRE under the Taylor Avenue Agreement.

272.   Defendants PREI and 1400 Taylor Associates, LLC have breached this promise by failing to pay the Required Payments owed to CBRE to date under the Taylor Avenue Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.

273.   Defendants PREI and 1400 Taylor Associates, LLC may not make all payments they are contractually obligated to make from today's date through termination of the Taylor Avenue Agreement.  CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

274.   CBRE has suffered actual damages as a result of this breach.

275.   Moreover, pursuant to Section 9.11 of the Taylor Avenue Agreement, PREI and 1400 Taylor Associates, LLC also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and 1400 Taylor Associates, LLC for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

### COUNT XXVIII -- UNJUST ENRICHMENT -- TAYLOR AVENUE PROPERTY
### (vs. PREI and 1400 Taylor Associates, LLC)

276.   CBRE realleges and incorporates paragraphs 1 through 275 as if fully set forth herein.

277.   Strictly in the alternative, PREI and 1400 Taylor Associates, LLC have received a benefit from CBRE; namely, CBRE's management of the Taylor Avenue property.

-60-

278.    Defendants PREI and 1400 Taylor Associates, LLC have appreciated the benefit.

279.    Retention of this benefit without payment of its value to CBRE would be

inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the

Court enter judgment in its favor and against Defendants PREI and 1400 Taylor Associates, LLC

for damages, interest, attorneys' fees, costs, and such other relief as this Court deems

appropriate.

### COUNT XXIX -- BREACH OF CONTRACT -- ATTLEBORO AGREEMENT
### (vs. PREI, PREI Attleboro Associates, L.P, PREI Attleboro Associates I, L.P., PREI Attleboro Associates III, L.P., Attleboro Corporate Center Association, Inc. and Preferred Asset Management, LLC

280.    CBRE realleges and incorporates paragraphs 1 through 279 as if fully set forth

herein.

281.    The Attleboro Agreement is a valid and enforceable agreement, to be governed by

the laws of the Commonwealth of Massachusetts. Exhibit 15 at Section 9.10.  CBRE has

fulfilled all of its obligations under the Attleboro Agreement.

282.    Defendants PREI, along with PREI Attleboro Associates, L.P., PREI Attleboro

Associates I, L.P., PREI Attleboro Associates III, L.P., and Attleboro Corporate Center

Association, Inc. (collectively the "Attleboro Associates"), promised to make the Required

Payments to CBRE under the Attleboro Agreement.

283.    Moreover, Defendant Preferred Asset promised in the Attleboro Agreement that,

as the authorized agent of "each owner", it shall perform all operational obligations of the

owners under the Attleboro Agreement -- including making the Required Payments to CBRE.

Id. at Section 9.18.

284.    Defendants PREI, the Attleboro Associates, and Preferred Asset have breached these promises by failing to pay the Required Payments owed to CBRE to date under the Attleboro Agreement and failing to maintain appropriate amounts in the Operating Account to allow disbursement of the Required Payments.  The total amounts owed to CBRE for management of this property, alone, exceed $80,000.

285.    Defendants PREI, the Attleboro Associates, and Preferred Asset may not make all payments they are contractually obligated to make from today's date through termination of the Attleboro Agreement.  CBRE is entitled to recover those amounts as well, which can be itemized after April 2007 and proven at the time of trial.

286.    CBRE has suffered damages as a result of this breach.

287.    Moreover, pursuant to Section 9.11 of the Attleboro Agreement, PREI, the Attleboro Associates, and Preferred Asset also must pay CBRE all attorneys' fees and costs it has incurred in litigating this dispute, in an amount to be determined after CBRE prevails.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI, the Attleboro Associates, and Preferred Asset for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

### COUNT XXX -- UNJUST ENRICHMENT -- ATTLEBORO PROPERTY
### (vs. PREI, PREI Attleboro Associates, L.P, PREI Attleboro Associates I, L.P., PREI Attleboro Associates III, L.P., and Attleboro Corporate Center Association, Inc.)

288.    CBRE realleges and incorporates paragraphs 1 through 287 as if fully set forth herein.

289.    Strictly in the alternative, PREI, along with PREI Attleboro Associates, L.P., PREI Attleboro Associates I, L.P., PREI Attleboro Associates III, L.P., and Attleboro Corporate

Center Association, Inc. (collectively the "Attleboro Associates"), have received a benefit from CBRE; namely, CBRE's management of the Attleboro property.

290.    Defendants PREI and the Attleboro Associates have appreciated the benefit and continue to do so.

291.    Retention of this benefit without payment to CBRE would be inequitable.

**WHEREFORE**, Plaintiff CBRE Real Estate Services, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants PREI and the Attleboro Associates for damages, interest, attorneys' fees, costs, and such other relief as this Court deems appropriate.

Respectfully submitted,

James A. Keller/Pa. Atty. I.D. No. 78955
ECF Filing # JAK352
Amy S. Kline/Pa. Atty. I.D. No. 84690
SAUL EWING LLP
Centre Square West
1500 Market St., 38th Floor
Philadelphia, PA 19102
Ph: 215-972-1964
Fax: 215-972-4152

*Counsel for Plaintiff*
*CBRE Real Estate Services, Inc.*

Dated:  April 20, 2007